## Home Owners' Loan Corp. v. Samuels et ux.

*L. E. Bashore*, for plaintiff.
*J. P. Bohorad*, for defendants.

HICKS, P. J., March 1, 1937.—On November 30, 1936, a citation was directed to issue to defendants above named upon the petition of L. E. Bashore, attorney for Home Owners' Loan Corporation, plaintiff above named, to show cause why possession of the premises held by them, at 923 East Centre Street, Mahanoy City, Pa., should not be delivered up to petitioner. The petition was signed and sworn to by L. E. Bashore, attorney. It was recited in the petition that the Home Owners' Loan Corporation purchased the premises at a sheriff's sale and that the sheriff's deed was executed and delivered to the Home Owners' Loan Corporation; that the execution defendants are in possession of the premises and, although notified to deliver them up to the purchaser, have failed to do so.

An answer was filed to the citation, in the form of a demurrer, in which a request is made for the dismissal of the citation upon the ground that the petition was signed and sworn to by the attorney for the Home Owners' Loan Corporation, the purchaser of the real estate, without any warrant or authority in law for so doing.

The question for decision is whether under the Act of April 20, 1905, P. L. 239, the attorney for the purchaser may sign and verify the petition, therein provided, to gain possession of premises purchased at a sheriff's sale.

The Act of 1905, supra, provides, inter alia, in section 1, that purchasers at judicial sales and grantees, heirs and devisees thereof, after confirmation of such sales where required, and after the execution, acknowledgment and delivery of the deeds therefor, may present a petition, under oath or affirmation, setting forth the facts therein required, whereupon the court shall issue a citation as prayed for. It is quite obvious that the persons who may present the petition and who shall verify it are the purchasers, grantees, heirs and devisees thereof. There is nothing in the act of assembly which gives an attorney for the purchaser the right to sign and verify the petition.

The entire brief of plaintiff is based upon the Practice Act of May 14, 1915, P. L. 483, which provides that the statement of claim may be sworn to by plaintiff or some person having knowledge of the facts and, if there be an attorney, shall be signed by his attorney. Of course, under the plain directions of the act of assembly the attorney is authorized to sign the statement, and if he has knowledge of the facts may also verify it. But no such provision is found in the Act of 1905, supra.

For the reason that the attorney was without authority to sign the petition for the citation and to verify it, we must dismiss and discharge the citation at the cost of plaintiff.

And now, March 1, 1937, the citation heretofore issued in this case is dismissed at the cost of plaintiff.

From G. Harold Watkins, Frackville.